IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL S. SHUEMAN,

    Plaintiff,

v.                                  Civil No. 00-0283 BB/WWD

CORRECTIONS CORPORATION OF AMERICA/
TORRANCE COUNTY DETENTION CENTER,

    Defendant.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
**Proposed Findings**

1. THIS MATTER comes before the Court on Defendant's Motion to Dismiss, filed March 28, 2000 **[docket # 3]**. Plaintiff is incarcerated and proceeding *pro se*. He alleges that his preexisting back problem was exacerbated by the prison facility's refusal to house him in a bottom floor cell on a bottom bunk. The Complaint, which was originally filed in state court, asserts claims of "Deliberate Indifference," "Cruel and Unusual Punishment" (listed as separate claims in the Complaint), "Discrimination" and "Negligence." Complaint, ¶ V.

2. Defendant ("CCA") removed the case to federal court based on the Eighth Amendment claim under § 1983, and now moves to dismiss all of Plaintiff's claims.

3. According to the Complaint, Plaintiff requested housing in a bottom floor cell on a bottom bunk upon arriving at the Torrance County Detention Center because of previous back problems which he states were noted in his medical records.

4. Instead, he was assigned housing on the second floor with an upper bunk, with no

ladder for access. One of the corrections officers "had compassion" and obtained a plastic chair for Plaintiff to use to gain access to the upper bunk. In August 1999, the chair slid from under Plaintiff, causing him to fall to the floor and land on his back.

5. He was transported to the local hospital for emergency care, and was later returned to the same upper floor cell with the same upper bunk. Plaintiff then pursued administrative avenues of redress to be moved to a lower floor cell and a lower bunk. For the next few days, he slept on the floor of the cell, for which he was verbally reprimanded. Plaintiff states that five days passed before he was finally given the housing he requested.

6. Plaintiff alleges back pain which persists.

## Discussion

7. Dismissal is appropriate only if the plaintiff can prove no set of facts in support of the claim entitling him to relief. Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 586 (10th Cir.1994). In reviewing the sufficiency of a complaint to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6) we must accept all the well-pleaded facts of the complaint as true and must construe them in the light most favorable to the plaintiff. See Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995). The complaint itself must show that plaintiff is "entitled to relief" under each claim raised. Fed.R.Civ.P. 8(a)(2).

*§ 1983 - Eighth Amendment Claim*

8. Defendant contends that Plaintiff's § 1983 claim under the Eighth Amendment should be dismissed on the basis that it fails to allege personal involvement or facts sufficient to show deliberate indifference.

9. Individual liability under § 1983 must be based on personal involvement in the alleged

constitutional violation.  See Foote v. Spiegel et al., 118 F.3d 1416, 1423 (10th Cir. 1997).  When "monetary damages are sought under § 1983, the general doctrine of respondeat superior does not suffice and a showing of some personal responsibility of the defendant is required."  Johnson v. Glick, 481 F.2d 1028, 1034 (2d Cir.), cert. denied sub nom. Employee-Officer John v. Johnson, 414 U.S. 1033 (1973); Meade v. Grubbs, 841 F.2d 1512, 1527-28 (10th Cir. 1988) (accord).  Because CCA is a corporation, it can only act through its employees.  However, Plaintiff has not alleged any personal involvement by any CCA employee. The only mention of a prison employee is made with regard to the corrections officer who gave him a chair in an effort to help him.

     10.  Ordinarily, the Court would afford Plaintiff an opportunity to amend the Complaint to name individual employees as defendants.  Here, however, it would be an exercise in futility, since Plaintiff fails to allege facts which state a claim under the Eighth Amendment.  See Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir.1997) (dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend).

     11. The Eighth Amendment protects all prisoners from cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97 (1976).  While the Constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), neither does it permit inhumane ones. The Eighth Amendment imposes duties on prison officials who must ensure that inmates receive adequate food, clothing, shelter, and medial care, and must "take reasonable measures to guarantee the safety of the inmates."  Hudson v. Palmer, 468 U.S. 517, 526- 527 (1984).

     12.  To state a viable claim under the Eighth Amendment, an inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.  Riddle et al v. Trevino et

al, 83 F.3d 1197, 1204 (10th Cir. 1996).  In addition, to violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind."  In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety.  Id., (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

13. In this case, even assuming that Plaintiff's previous back problem created a condition which posed a substantial risk of serious harm to him if he was not housed on a bottom bunk, Plaintiff was eventually afforded the relief he requested.  The fact that he was initially denied a specific type of housing on his verbal request when first arriving at the facility does not constitute a constitutional violation, much less a showing of deliberate indifference on the part of CCA or any individual employee who might be named in the lawsuit.

14.  Similarly, requiring Plaintiff to exhaust his available administrative channels in order to obtain a change in housing also does not demonstrate a culpable state of mind by prison officials or employees.  Plaintiff does not allege significant ambulatory problems or that he is incapacitated other than having problems negotiating stairs or getting up to a top bunk.

15.  Delay in providing medical care may constitute a violation of the Eighth Amendment. See Hunt et al v. Uphoff et al., F.3d 1220, 1224 (10th Cir.1999) (citations omitted).  Delays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems.  However, a mere delay in medical treatment does not constitute a constitutional violation unless it can be shown that the delay was the result of deliberate indifference and resulted in substantial harm.  See Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993).

16.  In this case, Plaintiff did obtain the specific housing he requested, after going through

a grievance procedure and submitting written requests.  Having to wait five days before being granted his request is not unreasonable, and is certainly not indicative of deliberate indifference to his health or safety needs.

17.  Given these facts, Plaintiff's Eighth Amendment claim should be dismissed with prejudice.

*Claim of Discrimination*

18.  Plaintiff barely asserts a claim for discrimination without specifying how he was discriminated against, and without alleging facts from which the Court might be able to construe a statutory basis for his claim.  This claim should be dismissed as well.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based).

*Negligence*

19.  Defendant is correct that Plaintiff's claim of negligence is not cognizable under § 1983.  See Davidson v. Cannon, 474 U.S. 344 (1986) (merely negligent acts or omissions will not support a cause of action under § 1983); Jojola v. Chavez, 55 F.3d 488 (10th Cir. 1995) (liability under § 1983 must be predicated upon a "deliberate" deprivation of constitutional rights by the defendant and not on negligence).

20.  The Complaint mentions the New Mexico Tort Claims Act.  Complaint, ¶ 2. However, other than stating that notice was provided to Defendant under §41-4-16, Plaintiff does not refer to any specific provision in the Act that would allow suit to be brought against Defendant.  Nor does he allege claims or set forth any facts that would arguably fall within a waiver of immunity.

21.  In sum, I find that (1) Plaintiff's Eighth Amendment claim should be dismissed with prejudice for failure to state facts sufficient to show deliberate indifference or cruel and unusual punishment; (2) the claim for discrimination should be dismissed with prejudice because Plaintiff fails to assert a statutory basis for the claim or facts to support the claim; and (3)  the negligence claim should also be dismissed with prejudice since negligence is not actionable under § 1983 and also because Plaintiff fails to state a viable claim under the state's Tort Claims Act.

### Recommendation

I recommend that Defendant's Motion to Dismiss **[docket # 3]** be GRANTED and that all of Plaintiff's claims in the above-captioned case be DISMISSED WITH PREJUDICE in their entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE